UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINA NOORY, <br><br>    Plaintiff, <br>   v. <br><br> CAMDEN DEVELOPMENT, INC.; AND DOES 1 – 5, <br><br>    Defendants. | Case No. CV 20-01767-AB (GJSx) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR JUST COSTS AND ACTUAL EXPENSES** |

Before the Court is Plaintiff Lina Noory's ("Plaintiff") Motion for Remand. ("Motion," Dkt. No. 12.)  For the following reasons, the Court **<u>DENIES</u>** the Motion.

I. **BACKGROUND**

On November 18, 2019, Plaintiff filed her Complaint ("Compl.") in state court alleging ten causes of action stemming from toxic mold in her apartment at the property Defendant owned.[1] *See* Compl. (Dkt. No. 1-2).  On December 20, 2019,

---

[1] The causes of action are: (1) Breach of implied warranty of habitability, (2) premises liability, (3) negligence, (4) nuisance, (5) breach of contract, (6) breach of covenant of good faith and fair dealing, (7) breach of covenant of quiet enjoyment, (8) negligent misrepresentation, (9) intentional misrepresentation, (10) violation of business and professions code section 17200, *et seq.* (unfair competition).

1.

Defendant made an appearance through counsel stating in a declaration that it needed more time to file a demurrer. Defendant filed a demurrer and motion to strike in state court on January 22, 2020. Two days later, Defendant served Plaintiff with a request for Statement of Damages. On February 03, 2020, Plaintiff informed Defendant that her damages totaled $4,750,000. On February 24, 2020, Defendant removed based on diversity jurisdiction.

Plaintiff argues that Defendant's removal was untimely because the amount in controversy was obvious from the face of the Complaint and Defendant removed more than 30 days after the Complaint was filed. Defendant responds that the amount in controversy was not apparent from the face of the Complaint and was not apparent until Defendant received Plaintiff's Statement of Damages, after which it timely removed.

After reviewing the law and the parties' submissions, the Court overrules Plaintiff's timeliness objection and denies the Motion for Remand.

## II.  LEGAL STANDARD

A case filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A defendant must remove a case within thirty days of receiving a copy of the complaint, or if the matter is not removable based on the complaint, within thirty days of receiving "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3).

The first thirty-day period begins when the defendant receives an "initial pleading" that reveals a basis for removal. 28 U.S.C. § 1446(b)(1). This period only applies if the initial pleadings statement of the case shows that it is removable on its face. *Harris v. Bankers Life & Cas Co.*, 425 F.3d 689, 694 (9th Cir. 2005). This is determined by looking at the contents of "the four corners of applicable pleadings, not

through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694.

If the initial pleading does not show a ground for removal on its face, the second thirty-day period begins when the defendant receives "an amended pleading, motion, order or other paper" that shows from the face of the document that removal is proper. 28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 694. If federal jurisdiction is based on diversity jurisdiction, the case must be removed within one year of the case being filed. 28 U.S.C. 1446(c)(1).

### III.   DISCUSSION

**A. Pre-Suit Papers Do Not Trigger The Second Thirty-Day Window To Remove.**

The Court must first address threshold questions of what puts Defendants on notice that the amount in controversy is satisfied for removal. Plaintiff asserts that a settlement demand sent on August 21, 2019 put Defendant on notice that the amount in controversy was met for removal. *See* Reply (Dkt. No. 19), p. 4.[2] First, Plaintiff is vague about whether she sent her settlement demand to Defendant, or to Defendant's insurer, and, if the latter, whether that constitutes notice to Defendant. But it doesn't make a difference, because a pre-complaint document does not start the time to remove. The Ninth Circuit has held that "document[s] received prior to the receipt of the initial pleading cannot trigger the second thirty-day removal period" while rejecting the idea that "a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." *Carvalho v. Equifax Infor Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010).

Accordingly the Court will not consider Plaintiff's pre-suit settlement demand to determine when this case was removable.

---

[2] Plaintiffs reply was untimely but the Court has considered it.

3.

**B. Removability Was Not Evident From the Face of the Complaint.**

Plaintiff argues that the first thirty-day window to remove was triggered by the filing of her Complaint. Plaintiff asserts that while the Complaint does not state any specific amount of monetary damages it was clear from the face of the Complaint that the amount in controversy exceeded $75,000. She asserts that her Complaint alleges in "great detail – the significant personal injuries, property damage, and lost income that Plaintiff sustained because of [Defendant's] misconduct. . . [while also] seek[ing] punitive damages and contractual attorneys' fees." Mot. 6:12-15. The Court does not agree with Plaintiff's characterizations of her Complaint. The relevant portions are as follows:

- On May 18, 2019 Plaintiff again told Defendant the problem was not fixed after they had spent the better part of a week going in and out of her apartment. "Defendants replied with a blatant falsehood, stating that this was the first time they were hearing of any work that needed to be performed[.]" (Compl. ¶ 15.)
- Plaintiff had to hire independent mold inspectors. (*Id.* ¶ 17.)
- Plaintiff began to suffer migraines, rhinorrhea, dysphonia, and a high level of immunoglobulin (indicating she is fighting an infection from mold). (*Id.* ¶ 21.)
- Plaintiff has a cyst on her throat that will have to be removed surgically, and she has begun seeing a voice coach and a therapist for increased anxiety (that Plaintiff admits was already present before the mold). (*Id.* ¶ 22.)[3]
- Plaintiff was forced to decline "invitations to host television shows and could not post to her social media for 3 months until her voice recuperated to an acceptable level." Loss of income has further increased her anxiety. (*Id.* ¶ 23.)
- The mold/ mildew outbreak in Plaintiff's closet has "destroyed and/or rendered unusable much of her clothes and furniture." (*Id.* ¶ 24.)

---

[3] Plaintiff does not state whether this cyst appeared before or after the mold was said to have been present.

4.

- Because of living near the mold and being exposed to it Plaintiff has sustained serious physical harm. As a consequence of the physical harm caused by the conditions, Plaintiff has also sustained and continues to sustain emotional distress, mental suffering, frustration, inconvenience and anxiety. (*Id.* ¶ 28.)
- Plaintiff has expended her "own funds to repair multiple items." (*Id.* ¶ 37.)
- For nuisance, "Plaintiff is [] entitled to an award of punitive damages in an amount appropriate to punish and make an example of Defendants." (*Id.* ¶ 66.)
- Plaintiff suffered loss of use of the property for which she paid consideration. (*Id.* ¶ 78.)
- Plaintiff is entitled to punitive damages for breach of covenant of quiet enjoyment. (*Id.* ¶ 84.)
- Defendant's agent made a false representation which entitled Plaintiff to punitive damages for fraud. (*Id.* ¶ 85-105.)
- Plaintiff is entitled to reasonable costs and attorneys' fees. (*Id.* ¶112.)

While these allegations list wide-ranging types of injuries, they fail to establish that the amount in controversy is satisfied. Plaintiff's characterizations of her injuries does not provide any basis for quantifying the damages alleged, nor is it obvious from Plaintiff's injuries that the damages exceed $75,000. While Plaintiff contends she lost 3 months of wages, Defendant neither knew from the Complaint what Plaintiff's occupation is, nor what Plaintiff's wages are. Whether the amount in controversy was satisfied based on Plaintiff's alleged injuries could only be a matter of speculation. Given the fact that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through [the defendant's] subjective knowledge or a duty to make further inquiry," *Harris*, 425 F.3d at 694, the Court concludes that the Complaint was not sufficient to give notice of removability. Thus, the case did not become removable until Plaintiff served her notice of damages on February 3, 2020 informing Defendant her damages totaled

$4,750,000.00. Defendant removed by 30 days thereafter, so the removal was timely.[4]

### C. Defendant Did Not Waive Removal by Filing Documents in State Court

"A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994), as amended (Jan. 20, 1995). Plaintiff argues that when Defendant filed a demurrer and motion to strike in state court Defendant waived removal because now they are trying for a "second bite at the apple in federal court" after realizing their motions would be denied. Mot. 8:2-5. The Court is not convinced. Defendant filed its motions before it was "apparent that the case [was] removable" and once Defendant was made aware that the case was removable, they timely removed it. *Resolution Trust Corp.*, 43 F.3d at 1240.

## IV. CONCLUSION

Plaintiff's Motion for Remand is **DENIED.**

**IT IS SO ORDERED.**

Dated: April 30, 2020

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff requests the Court take Judicial Notice of the fact that the Defendants are a "sophisticated company" with thousands of buildings across the United States. Plaintiff argues that Defendant should not be able to "feign ignorance" and should have been aware that the amount in controversy was satisfied from the face of the Complaint. (Motion at 5.) The Court **DENIES** the request. Defendant's size is not probative of the amount put in controversy by Plaintiff's injuries. Furthermore, Plaintiff relies on 3 cases, all of which are just persuasive, that held Defendants should have been aware the amount in controversy was met when the Complaints asserted injuries such as six days in the hospital, ambulance rides, and serious injury and wrongdoing among other things. Here, Plaintiff's Complaint does not assert injuries that are as obviously serious as the injuries in the cases Plaintiff cites.